IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | | |
|---|---|---|
| Andrew Holmes, | ) | |
|     Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | Div. No.: |
| | ) | |
| Medicredit, Inc. | ) | |
| Serve at: | ) | |
| R/A or Employee | ) | **JURY TRIAL DEMANDED** |
| 900 W 48th St, Suite 900 | ) | |
| Kansas City, MO 64112 | ) | |
|     Defendant, | ) | |
| | ) | |

## PETITION FOR DAMAGES

    Comes now Plaintiff, Andrew Holmes, by and through counsel; Matthew P. Cook, and states the following:

### INTRODUCTION AND JURISDICTION

1.    This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA") and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 *et. seq.*

2.    This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d) and the of the TCPA claim under 47 U.S.C. §227(3)(b).

3.    Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis City, Missouri.

4.    Plaintiff demands a trial by jury on all issues so triable.

### PARTIES

5.    Plaintiff is a natural person currently residing in St. Louis City, Missouri.  Plaintiff is a consumer within the meaning of the TCPA and FDCPA.  The alleged debt owed arises out of consumer, family and household transactions.

6.    Defendant, Medicredit, Inc, is a domestic corporation with its principal place of business in

Missouri. The principal business purpose of Defendants are the collection of debts and Defendants regularly attempts to collect debts.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

8. Defendant owned, operated and/or controlled "customer premises equipment" as defined by TCPA, 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

9. Defendant engaged in "telecommunications" as defined by TCPA, 47 U.S.C. §153(43) and at all times relevant, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTS

10. The alleged debt stems from a medical debt.

11. Defendant had been calling Plaintiff's mobile phone in 2020 in an attempt to collect on this alleged debt.

12. When Plaintiff did not answer the phone Defendant would leave Plaintiff voicemails from an automated dialer.

13. The automated voicemails would identity themselves as Medicredit and tell Plaintiff to call Defendant back to resolve his medical debt. The voicemails did not disclose that Plaintiff could opt out of these calls.

12. Defendant's non-emergency phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. §227(a)(1), from phone numbers that are registered to the Defendant.

13. Specifically, Defendant's dialing system has the capacity to store, dial and generate phone numbers such as Plaintiff's.

14. Upon information and belief, Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone

Electronically Filed - City of St. Louis - August 12, 2020 - 08:52 AM

dialing system.

15. Upon information and belief, Plaintiff never had any preexisting or current business relationship with Defendant.

16. Defendant's voicemails also did not properly disclose and identity themselves as a debt collector in violation of 15 U.S.C. §1692e(11).

17. Defendant's voicemails were heard by and disclosed to third-parties in violation of 15 U.S.C. §1692c(b).

18. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney fees, as well as emotional distress.

### COUNT I: VIOLATION OF THE FDCPA

19. Plaintiff re-alleges and incorporates by reference the above paragraphs.

20. Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. A single action on the part of the debt collector can violate multiple sections of the FDCPA.

22. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 et. seq. including, but not limited to the following:

  a. Communicated with third-parties about the alleged debt in violation of 15 U.S.C. §1692c(b);

  b. Failed to disclose they were a debt collector in violation of 15 U.S.C. §1692e(11).

  WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Release of the alleged debt;

  D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 USC 1692(k); and

  E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

23.     Plaintiff re-alleges and incorporates by reference the above paragraphs.

24.     In Defendant's attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 U.S.C. §227 *et. seq.* including, but not limited to, the following:

   a.  By placing non-emergency phone calls to Plaintiff's cellular telephone without express authorized consent of the Plaintiff.  47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Declaratory judgment that Defendant's conduct violated the TCPA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 47 U.S.C. §227(b)(1)(A)(iii); and

   E. For such other relief as the Court may deem just and proper.


By:   /s/ Matthew P. Cook
      Cook Law, LLC
      Matthew P. Cook #62815
      Attorney for Plaintiff
      2885 Sanford Ave SW #42270
      Grandville, MI 49418
      Phone:  314-200-5536
      Email:  Cookmp21@yahoo.com